## Dean, Administratrix, v. Marchelletta

Before Carr, P. J., Morrow and Cottom, JJ.
*James A. Reilly* and *David Ezra Cohen*, for plaintiff.
*Higbee, Lewellyn & Higbee*, for defendant.

MORROW, J., November 20, 1947.—This suit was begun by the issuance of a summons May 18, 1946. Defendant was named Frank Marchelletta. It does not appear that the summons was served and it has not been returned by the sheriff non est inventus. Pa. R. C. P. 1351, effective January 1, 1947, has since changed the form of writ of summons and rule 1007, effective the same date, did away with the actual necessity of any such writ. Rule 1451, also of the same date, suspended many of the acts of assembly with respect to writs of summons.

On March 1, 1947, plaintiff filed a complaint under said rule 1007 and in this complaint added "Jr." after defendant's name. This complaint was served by the sheriff March 4, 1947, after which, to wit, on March 24, 1947, said defendant appeared by counsel and moved that the complaint be struck off.

The affixing of "Jr." after defendant's name is urged as a reason for the striking off of the complaint. In Valvoline Oil Co. v. Banes, 41 D. & C. 547, it is held:

"The suffix 'Jr.' forms no part of a person's legal name, but is assumed ordinarily to distinguish the person so designated from his father of the same name.

"The addition of the suffix 'Jr.' in the designation of a person's name in a pleading is harmless error which may be disregarded as surplusage, and its omission does not constitute a variance if the identity of the person so named is established."

Accepting this authority the motion as concerns this reason seems without merit. The addition of "Jr." removes any possibility of uncertainty as to which of two persons of the same name was meant to be used. Being a mere matter of description the addition is approved. There is no suggestion that the father of defendant is in any way liable in this action.

It is also urged in support of the motion that the summons should have been returned by the sheriff. Without giving consideration to the effect of the Rules of Civil Procedure above mentioned, it would seem unnecessary to require such return inasmuch as defendant has already appeared by counsel in this action.

The third reason urged in support of the motion is that the allegations of negligence are legal conclusions and not pleadings of fact. As we view it, the complaint contains sufficient averment of facts to prevent its being stricken off for the reason stated.

Since defendant has secured the appointment of a guardian it would seem proper for plaintiff to have a copy of the complaint served on this guardian and we will so direct.

### Order

And now, November 20, 1947, after consideration, it is decreed that the addition in the complaint of "Jr." after defendant's name, and the continuation of the suit by the filing of the complaint, be and the same are hereby approved, plaintiff, however, to have a copy of the complaint duly served on Robert B. Stauft,

guardian of defendant, and it is ordered that the motion to strike off the complaint be and it is hereby dismissed.